**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NJ PEDIATRIC NEUROSCIENCE INSTITUTE,<br><br>      Plaintiff,<br><br>    -against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and MULTIPLAN, INC.<br><br>      Defendants. | Index No.: 22-cv-5653<br><br>**AMENDED COMPLAINT** |

Plaintiff NJ Pediatric Neuroscience Institute ("Plaintiff"), in its own capacity and on assignment of M.S., by and through its attorneys Gottlieb and Greenspan, LLC, by way of Amended Complaint against Cigna Health and Life Insurance Company ("Defendant Cigna") and Multiplan, Inc. ("Defendant Multiplan") (Collectively, "Defendants"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey based medical practice with a principal place of business at 131 Madison Ave, Morristown, NJ 07960.

2. Upon information and belief, Defendant Cigna is engaged in administering healthcare plans or policies in the State of New Jersey.

3. Upon information and belief, Defendant Multiplan is a medical provider network that, among other things, furnishes contracts that establish payment rates between its insurance company clients and out-of-network medical providers.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

5. Jurisdiction is also proper in this Court per 28 U.S.C. § 1332(a). There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

## FACTUAL BACKGROUND

7. Plaintiff is a medical practice comprised of physicians that specialize in the surgical treatment of patients with neurological deficits.

8. On April 11, 2021, a five-year old with the initials M.S., heretofore referred to as "Patient," presented to the emergency room of Morristown Memorial Hospital with symptoms that included headache, nausea, vomiting, and weakness, among other things.

9. One of Plaintiff's physicians, John Collins, M.D., evaluated Patient and ultimately assisted in the discovery of a brain tumor located in the midline region of Patient's mid-brain tectum.

10. On April 19, 2021, Dr. Collins, along with Dr. Mazzola, another one of Plaintiff's physicians, performed emergency brain surgery on Patient. (*See*, **Exhibit A**, attached hereto.)

11.. At the time of her treatment, Patient was the beneficiary of a health insurance plan administered by Defendant.

12. Patient assigned her health insurance rights and benefits to Plaintiff.

13. On October 4, 2012, Plaintiff entered into an agreement (henceforth referred to as, "the Agreement") with Defendant Multiplan. (See, **Exhibit B**, attached hereto.)

14. Under the terms of the Agreement, Defendant Multiplan agreed that it had entered into agreements with its clients requiring its clients to use the contract rates of the Agreement for covered services rendered to applicable participants. *Id.*

15. At all relevant times, Defendant Cigna was a client of Defendant Multiplan thus implicating the Agreement.

16. The contract rate set forth in the Agreement was 80% of Plaintiff's billed charges. *Id.*

17. Plaintiff submitted two Health Insurance Claim ("HCFA") forms to Defendant Cigna for the surgical treatment provided to Patient on April 19, 2021.

18. The first HCFA reflected billed charges in the amount of $143,620.00, reflecting the primary surgical services provided by Plaintiff's physician, John Collins, M.D.

19. Under the Agreement, Defendants were obligated to reimburse Plaintiff in the amount of $114,896.00 for the primary surgeon's services.

20. The second HCFA reflected billed charges in the amount of $143,620.00, but denoted modifier 80, indicating that the charges reflected services performed by an assistant surgeon.

21. Per industry protocols, a HCFA with an 80 modifier indicates that the true charges for the services are 16% of the amount reflected in the HCFA. Thus, the true charges for the second HCFA were $22,979.20.

22. Indeed, the second HCFA reflected assistant surgeon services performed by Catherine Mazzola, M.D.

23. Under the Agreement, Defendants were obligated to reimburse Plaintiff in the amount of $18,383.36 for the assistant surgeon's services.

24. However, for reasons that remain unclear to Plaintiff, Defendants simply never reimbursed Plaintiff for Patient's surgical treatment.

25. In fact, Plaintiff does not even have a record of ever receiving an explanation of benefits from Defendants in connection with Patient's surgical treatment despite Plaintiff's timely submission of the claims.

26. Defendants paid for emergency medical evaluative services that preceded Patient's surgery and calculated their payment at the appropriate contract rate.

27. Specifically, for evaluative services performed on Patient on April 15, 2021, Plaintiff submitted a HCFA medical claim to Defendant Cigna reflecting billed charges in the amount of $263.00, and Defendant appropriately responded with payment at the 80% contract rate in the amount of $210.40. (*See*, **Exhibit C**, attached hereto.)

28. Similarly, for evaluative services performed on April 16, 2021, Plaintiff submitted a medical claim reflecting billed charges in the amount of $205.00 and Defendant Cigna responded with payment at the 80% contract rate in the amount of $164.00. (*See*, **Exhibit D**, attached hereto.)

29. However, when it came to Patient's invasive brain surgery of April 19, 2021, Defendants failed to issue any reimbursement to Plaintiff.

30. Plaintiff submitted multiple internal appeals to Defendant Cigna seeking payment for Patient's surgical treatment.

4

31. However, Defendants failed to issue any payment for the surgery and Defendants failed to issue any explanation as to why they were not remitting payment.

32. As such, Plaintiff has been damaged in the amount of $133,279.36.

33. Accordingly, Plaintiff commences the within action seeking recovery of the outstanding balance.

## COUNT I AS TO DEFENDANT MULTIPLAN

## BREACH OF CONTRACT

34. Plaintiff repeats, realleges and reaffirms each of the preceding allegations contained in paragraphs 1 through 33 of this Amended Complaint with the same force and effect as though fully set forth herein.

35. The Agreement is a valid and binding contract between Plaintiff and Defendant Multiplan.

36. Defendant Multiplan breached the Agreement by failing to fulfill its obligations set forth in Section 4 of the Agreement.

37. Specifically, Defendant Multiplan failed to require its client, Defendant Cigna, to utilize the contract rate set forth in the Agreement in reimbursing Plaintiff, in violation of the Agreement.

38. Moreover, Defendant Multiplan failed to take any action whatsoever under the Agreement even though the Agreement was implicated by virtue of Plaintiff furnishing medical services to a beneficiary of Cigna, Defendant Multiplan's client.

39. As a result, Plaintiff has been damaged in the amount of $133,279.36, representing the balance due under the Agreement.

## COUNT TWO – AS TO DEFENDANT CIGNA

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 of the Amended Complaint as though fully set forth herein.

41. Plaintiff avers this Count to the extent ERISA governs this dispute.

42. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

43. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

44. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

45. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

46. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT THREE – AS TO DEFENDANT CIGNA

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 of the Amended Complaint as though fully set forth herein.

48. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

49. Plaintiff seeks redress for Defendant Cigna's breaches of fiduciary duty and/or Defendant Cigna's breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

50. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

51. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

52. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

53. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such

other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

54. Here, when Defendant Cigna acted to deny payment for the medical bills at issue herein, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

55. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

**WHEREFORE,** Plaintiff, NJ Pediatric Neuroscience Institute, demands:

1. On the first cause of action against Defendant Multiplan in the sum of $133,279.36, together with interest thereon at the legal rate;

2. On the second cause of action against Defendant Cigna in the sum of $133,279.36, together with interest thereon at the legal rate;

3. On the third cause of action against Defendant Cigna demanding that Cigna process and pay Plaintiff's claim for benefits and issue a benefits determination as a fiduciary of an ERISA governed health plan;

4. Costs and disbursements of the instant action, and;

5. Such other, further and different relief as this court may deem just, proper and equitable.

Dated: Oakland, NJ
       January 17, 2023

                                              GOTTLIEB AND GREENSPAN, LLC
                                              *Attorneys for Plaintiff*

                                              By:   /s/ Michael Gottlieb
                                                        Michael Gottlieb
                                                        169 Ramapo Valley Road Suite ML3
                                                        Oakland, New Jersey 07436
                                                        (201) 644-0896